IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC REESE, #164098,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　　)　　　CASE NO. 2:09-CV-107-WHA
　　　　　　　　　　　　　　　　　　　　　　　)　　　　　　　[WO]
　　　　　　　　　　　　　　　　　　　　　　　)
GRANT CULLIVER, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Respondents.　　　　　　　　　)

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Cedric Reese ["Reese"], a state inmate, on February 9, 2009.  In this petition, Reese challenges convictions for attempted murder and first degree robbery imposed upon him by the Circuit Court of Pike County, Alabama on November 9, 2005.  The trial court sentenced Reese to life imprisonment for these convictions.

## II.  PROCEDURAL HISTORY

On March 8, 2000, the Grand Jury of Pike County issued an indictment against Reese for attempted murder and first degree robbery.  *Respondents' Exhibit A (Part 3) - Doc. No. 11-3* at 89.  On November 3, 2004, Reese, while incarcerated in Michigan, received notice of both the indictment from Pike County and a resulting detainer lodged against him by the State of Alabama.  *Respondents' Exhibit A (Part 4) - Doc. No. 11-4* at

1-4.  The State provided this notice to Reese in accordance with the requirements of the Interstate Agreement on Detainers ["IAD"], enacted into law by Alabama as the Uniform Mandatory Disposition of Detainers Act ["UMDDA"], *Ala. Code* § 15-9-80, *et seq.*[1]  Reese immediately notified appropriate Alabama authorities of his request for speedy disposition of the pending charges.  *Respondents' Exhibit A (Part 3) - Doc. No. 11-3* at 113.  The prosecuting attorney and Circuit Clerk of Pike County received all necessary Interstate Agreement forms from Reese on November 12, 2004 and November 15, 2004, respectively.

In accordance with the actions undertaken by Reese and the State of Alabama, Michigan authorities transferred Reese to Alabama on April 13, 2005.  The Circuit Court of Pike County immediately issued a writ of arrest for Reese and Pike County law

---

[1] "The Interstate Agreement on Detainers (IAD) is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State.... As 'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution ... the IAD is a federal law subject to federal construction."  *New York v. Hill*, 528 U.S. 110, 111, 120 S.Ct. 659, 662 (2000); *Hunter v. Samples*, 15 F.3d 1011, 1012 (11th Cir. 1994) ("The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions.").  The applicable Alabama statute requires that an inmate incarcerated in another state against whom the State of Alabama has lodged a detainer

> shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance....

*Ala. Code*, § 15-9-81, Art. III(a).  Additionally, "[i]n respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."  *Id*. Art. IV(c).  "[I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, any detainer based thereon shall cease to be of any force or effect."  *Id*. Art. V(c).

enforcement authorities arrested Reese on this same day.  The trial court set Reese's arraignment for July 13, 2005 and the following day appointed counsel to represent Reese. *Respondents' Exhibit A (Part 4) - Doc. No. 11-4* at 74, 76.  On April 15, 2005, the circuit court sent notices to defense counsel and Reese advising that arraignment on the attempted murder and robbery charges was set for July 13, 2005.  *Id.*  Neither counsel nor Reese objected to the date set for arraignment at this time nor during the days remaining under the 180-day time limit contained in Article III(c) of the IAD.  This time limitation expired on May 16, 2005.

On July 15, 2005, Reese filed a motion to dismiss the indictment for the State's failure to bring him to trial "within the 180 days of his demand" for disposition of the pending charges as required by the provisions of the Uniform Mandatory Disposition of Detainer's Act.  *Respondents' Exhibit A (Part 3) - Doc. No. 11-3* at 111-112.  On April 10, 2005, the court held a hearing on this motion.  Both Reese and his appointed counsel attended this hearing.  After hearing arguments from the parties, the trial court denied the motion to dismiss.  In its written order addressing the motion, the trial court noted neither Reese nor defense counsel objected to the scheduling of the trial date outside the 180-day time period until ***after*** the period had lapsed and further determined Reese failed to establish any prejudice resulting from the delay.

> 1.  The Defendant served his request for disposition of detainer upon the District Attorney on or about November 15, 2004.  The Defendant was arrested on the indictment and returned to the State of Alabama on April 13,

2005, well within the 180 days prescribed by the applicable statute. Upon his said return, Defendant was immediately appointed indigent counsel and his cases placed on the arraignment docket scheduled for July 13, 2005. Although a term of criminal jury trials did commence on April 26, 2005, just 13 days after Defendant's return to Alabama, it would have been impractical to force him to trial without any discovery or meaningful opportunity for his newly appointed counsel to prepare for a trial. Defendant nor his attorney made demand that he be tried during [the trial] term [which commenced on April 26, 2005].

2. On the day scheduled for arraignment, same was delayed due to Defendant's announced intention to file a motion to dismiss. Leave was granted for that purpose and arraignment has been delayed accordingly. No criminal jury terms have commenced in Pike County, Alabama, since that [term] scheduled in April. The next regular [criminal trial] term is presently set to begin on October 24, 2005. The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets.

3. The Defendant is under a sentence of imprisonment in the State of Michigan, with 4 years, 10 months, and 30 days remaining to be served, and with no good time earned....

4. Defendant has not demonstrated that there has been deliberate prosecutorial delay in bringing him to trial, nor has he made any showing of actual prejudice which will result from the short delay of his arraignment and a trial during the October 24, 2005, term.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED as follows:

1. That the Defendant's motion to dismiss is denied....

*Respondents' Exhibit A (Part 4) - Doc. No. 11-4* at 16-17.

On September 28, 2005, Reese filed a second motion to dismiss the pending charges in which he repeated the grounds set forth in his previous motion and also argued the State failed to commence trial "within 120 days of the arrival of the petitioner in the receiving state." *Respondents' Exhibit A (Part 4) - Doc. No. 11-4* at 21-22. The court heard argument on this second motion to dismiss immediately prior to trial, *Respondents' Exhibit*

*A (Part 1) - Doc. No. 11-1* at 48-63, and issued an oral order in open court denying the motion. *Id*. at 63. In denying this second motion, the court relied on the reasons set forth in its order denying the first motion to dismiss. *Id.*

At the close of the State's case, upon completion of his case and at the sentencing hearing, Reese renewed his motion to dismiss on grounds regarding circumvention of the time requirements set forth in the Interstate Agreement on Detainers. The trial court denied each of these motions.

Reese filed a direct appeal of his attempted murder and robbery convictions in which he argued the trial court erred in denying his various motions to dismiss challenging the State's violations of the time provisions contained in the Interstate Agreement on Detainers. Specifically, Reese argued the trial court lacked jurisdiction because the State failed to bring him to trial within 180 days of his request for final disposition and did not conduct his trial within 120 days of his arrival in Alabama.

The United States Supreme Court has summarized the relevant provisions of the Alabama statute codifying the agreement on detainers as follows:

> ... Article III gives a prisoner against whom a detainer has been lodged the right to "request" a "final disposition" of the relevant charges, in which case "he shall be brought to trial within one hundred and eighty days" (unless extended by the trial court for "good cause"); otherwise, the relevant "indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." Art. III(a), (d).
> \*\*\*
> ... [I]t is important to keep in mind that the [Interstate Agreement on

Detainers] basically (1) gives a prisoner the right to demand a trial within 180 days; and (2) gives a Sate the right to obtain a prisoner for purposes of trial, in which case the State (a) must try the prisoner within 120 days of his arrival [in the State]....

*Alabama v. Bozeman*, 533 U.S. 146, 150-151, 121 S.Ct. 2079, 2083 (2001). However, the rights established by the Act are not fundamental or jurisdictional and may be explicitly or implicitly waived. *New York v. Hill*, 528 U.S. 110, 114-118, 120 S.Ct. 659, 663-666 (2000). Both counsel and the defendant possess the ability to effect a waiver of these rights. *Id.*

On June 22, 2007, the Alabama Court of Criminal Appeals affirmed Reese's convictions for first degree robbery and attempted murder in an unpublished memorandum opinion. *Respondents' Exhibit D - Court Doc. No. 11-7*. The opinion, in pertinent part, states:

The only issue Reese raises on appeal is whether the trial court erred in refusing to dismiss the indictment against him on the ground that the State violated the Uniform Mandatory Disposition of Detainers Act ("UMDDA"), Alabama Code §§ 15-9-80, et seq. Specifically, Reese contends that because the State did not bring Reese to trial within 180 days of his demand for a final disposition of the indictment against him, as required by the provisions of Article III(a) of the UMDDA, § 15-9-81, then the indictment was due to be dismissed pursuant to Article III of the UMDDA.

A review of the record shows the following chronology of pertinent events related to Reese's detainer:

•**March 8, 2000** -- A Pike County grand jury indicted Reese ... on charges of attempted murder and first-degree robbery.

•**November 3, 2004** -- The State of Alabama placed a detainer on Reese, who was in prison in Michigan.

•**November 3, 2004** -- Reese executed his demand for final disposition of the charges against him in Alabama, pursuant to the UMDDA.

6

•**November 12 and 15, 2004** -- The Pike County district attorney's office and the Pike County circuit clerk's office, respectively, receive Reese's demand for final disposition of the charges.

•**April 13, 2005** -- Reese was transferred from Michigan to Alabama.

•**April 14, 2005** -- Trial counsel is appointed for Reese; his case was placed on the arraignment docket scheduled for July 13, 2005.

•**April 20, 2005** -- Trial counsel accepts appointment.

•**April 26, 2005** -- Criminal jury week begins in Pike Circuit Court.  The next criminal jury week is scheduled for October 24, 2005.

•**May 14, 2005** -- The 180th day from the date the Pike Circuit Court received Reese's demand for disposition.  That date was a Saturday, therefore, for Court purposes, the deadline ran on Monday, May 16, 2005.

•**July 13, 2005** -- Reese expressed his intent to file a motion to dismiss the indictment on the ground that the State violated the time constraints set forth in Article III of the UMDDA.  The trial court, therefore, continues Reese's arraignment.

•**July 15, 2005** -- Reese moved to dismiss the indictment [in a written motion].

•**August 10, 2005** -- The trial court held a hearing on Reese's motion [attended by Reese and his appointed counsel] and entered an order denying Reese's motion to dismiss.

•**August 11, 2005** -- The 120th day following Reese's return to Alabama.

•**September 6, 2005** -- Reese waived arraignment.

•**October 24, 2005** -- Voir dire conducted in Pike Circuit Court for Reese's criminal trial.

•**October 25, 2005** -- Reese's trial begins.

The 180-day period in which to bring a defendant to trial in the case of a detainer may be tolled or otherwise extended on three grounds: "(1) to allow the trial court to grant any necessary and reasonable continuance for good cause shown in open court with the defendant or his counsel present, § 15-9-81, Art. III(a); (2) for as long as the defendant is unable to stand trial, § 15-9-81, Art. VI(a); or (3) for any period of delay in bringing the defendant to trial caused by the defendant's request or to accommodate the defendant." Saffold v. State, 521 So.2d 1368, 1371 (Ala.Crim.App. 1988), citing People v. Grubbs, 570 P.2d 1299 (Colo. 1977) and State v. McGann, 493 A.2d 452 (N.H. 1985).   A defendant may also waive the 180-day limitation by failing to object to the continuances granted in his case.  Glover v. State, 599 So.2d 79, 81 (Ala.Crim.App. 1992).  This Court has held that "the rights afforded a prisoner under the agreement [UMDDA] do not rise to the level of

constitutionally guaranteed rights and can be waived." <u>Id</u>. at 81.

Here, the record shows that Reese was returned to Alabama [from Michigan] on April 13, 2005, within the 180-day time limit in which the trial was to be held pursuant to § 15-9-81, Art. III(a), Ala. Code 1975.  The next day, counsel was appointed for Reese, and his case was set for the July 13, 2005, arraignment docket, which fell outside the 180-day period.  Reese's counsel did not object to the scheduled arraignment date.  Further, as the trial court noted, the only time criminal jury trials were scheduled within the period was the week of April 26, just 13 days after Reese's return to Alabama.

In its order denying Reese's motion to dismiss the indictment against him on the ground that he was not tried within the 180-day period, the trial court stated, "It would have been impractical to force him to trial without any discovery or meaningful opportunity for his newly appointed counsel to prepare for a trial."  The trial court also noted that neither Reese nor his counsel demanded that Reese be tried during the April 26 term of court.

Further, in its order the trial court found that Reese had not demonstrated that there had been a deliberate delay on the part of the prosecution in bringing Reese to trial.

We agree with the trial court that requiring Reese to be tried within two weeks of his arrival in Alabama would have been impractical.  Thus, the delay in Reese's trial beyond the 180-day period was reasonable and necessary [to accommodate Reese] and the trial court had good and just cause for continuing the trial until the next scheduled term of criminal jury trials.

Moreover, by failing to object to the continuance of his trial until the following term of criminal jury trials, Reese waived his right to the 180-day limitation on [the] time in which to bring him to trial under the UMDDA. See <u>Glover</u>, 599 So.2d at 81.

For the reasons set forth above, the trial court did not err in refusing to dismiss the indictment against Reese.  Accordingly, the judgment of the trial court is affirmed.

*Respondents' Exhibit D - Court Doc. No. 11-7* at 1-4 (citations to record omitted).

Reese filed an application for rehearing which the Alabama Court of Criminal

Appeals overruled on July 27, 2007.  *Respondents' Exhibit F - Court Doc. No. 11-9*.  Reese

then filed a petition for writ of certiorari with the Alabama Supreme Court.  The Alabama Supreme Court denied the petition for writ of certiorari on February 15, 2008 and the certificate of judgment issued on this same date.  *Respondents' Exhibit H - Court Doc. No. 11-11*.

Reese initiated this 28 U.S.C. § 2254 action on February 9, 2009.  In his petition for habeas relief, Reese maintains the State "illegally and unlawfully obtained [his convictions] in direct violation of ... the Interstate Agreement on Detainers Act" because his trial was conducted outside the time periods contained in the Act.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 9.  The respondents filed an answer in which they argue Reese is entitled to no relief from this court.  Specifically, the respondents contend the claim presented by Reese are procedurally barred from review because the last state court to address the claim determined Reese waived any challenge under the Interstate Agreement on Detainers because he did not object to the initial scheduling of his trial outside the time periods until after the relevant period had expired.  *Respondents' Exhibit D - Court Doc. No. 11-7* at 4; *Craig v. State*, 893 So.2d 1250, 1254 (Ala.Cr.App. 2004); Glover, 599 So.2d at 81-82.

Upon review of the § 2254 petition, the answer of the respondents, Reese's response to the answer, the state court record, orders/opinions issued by the state courts and applicable federal law, this court finds no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the petition

is due to be denied.

## III.  DISCUSSION

The respondents argue the instant habeas petition is precluded from federal review by the procedural default doctrine as Reese failed to present his claim to the state courts in accordance with applicable procedural rules and no further remedy remains in the state courts. *Respondents' Answer - Doc. No. 11* at 4; *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497 (1977); *Henderson v. Campbell*, 351 F.3d 880, 891 (11th Cir. 2003); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Specifically, the respondents maintain the Alabama Court of Criminal Appeals determined Reese waived his right to trial within the time periods set forth in the Interstate Agreement on Detainers Act and thereby any challenge related to the State's failure to comply with the Act because he failed to timely object to the scheduling of his trial on a date outside the requisite time periods.  *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").  The procedural default doctrine applies despite an alternative ruling on the merits by a state court.

"[A] state court need not fear reaching the merits of a federal claim in an

10

*alternative* holding. Through its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris* [*v. Reed*, 489 U.S. 255,] 264 n. 10, 109 S.Ct. 1038 (emphasis in original). *See also Alderman v. Zant,* 22 F.3d 1541, 1549-51 (11th Cir.) (where a Georgia habeas corpus court found that the petitioner's claims were procedurally barred as successive, but also noted that the claims lacked merit based on the evidence, "[t]his ruling in the alternative did not have the effect ... of blurring the clear determination by the [Georgia habeas corpus] court that the allegation was procedurally barred"), *cert. denied,* 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). The presence of alternative holdings in the state appellate court's opinion distinguishes this case from *Thomas v. Harrelson,* 942 F.2d 1530, 1531-32 (11th Cir.1991), where we held that "[t]here is no procedural bar" where "the Alabama Court of Criminal Appeals, the last state court to consider this case, addressed [only] the merits [of] the issue [presented in the § 2254 petition]."

*Bailey*, 172 F.3d at 1305.

The United States Supreme Court determined "that the speedy trial rights in the IAD can be waived. Since it is fundamental that litigants can neither stipulate to, nor waive jurisdiction, this holding by the Supreme Court eliminates any jurisdictional prong in the IAD." *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th 2001) (citing *New York v. Hill*, 528 U.S. 110, 120 S.Ct. 659 (2000)).  Claims arising under the Interstate Agreement on Detainers are therefore subject to preclusion from federal review by the doctrine of procedural default.  *Caniff*, *supra*; *Toole v. McDonough*, 379 Fed.Appx. 883, 886 (11th Cir. 2010) (holding this court correctly determined petitioner's habeas challenge to the State's violation of the Interstate Agreement on Detainers Act by not trying him within the 180-day applicable deadline was procedurally defaulted).  It is undisputed Reese did not raise

his claims in the trial court prior to expiration of the time limits contained in the Interstate Agreement on Detainers Act.  Under applicable state law, this failure constituted a waiver of these claims.  *Craig*, 893 So.2d at 1254 ("Because [the defendant] had the opportunity to do so but chose not to object to the trial date at the time it was set or during the remaining days under the 180-day time limit, that is, because he failed to timely object to the ... court's setting the case for trial ... beyond the 180-day period mandated by the UMDDA, he has waived this issue."); *Glover*, 599 So.2d at 81-82 (Court set trial date outside the 180-day time limit but defendant/appellant did not object to the date at this time nor during the days remaining under the 180-day time limit.  "Because appellant failed to timely object to the trial court's ordering ... continuances and setting the case for trial beyond the 180-day period, ... the appellant has waived this issue.").  The Alabama Court of Criminal Appeals relied on this waiver as a basis for its decision affirming Reese's convictions on direct appeal.  The IAD challenge pending before this court is therefore precluded from federal review due to Reese's procedural default.

This court may reach the merits of procedurally a defaulted claim "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]....  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without

a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. Reese does not demonstrate either cause for the failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.[2] Nevertheless, this court may still reach the merits of a procedurally defaulted claim in order to prevent a fundamental miscarriage of justice.

---

[2] Even if Reese had alleged ineffective assistance of trial counsel as cause for his default, he failed to properly pursue and fairly present this claim in the state courts in available state proceedings. Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently raised and properly exhausted in the state courts. *Edwards, v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592 (2000) (A federal habeas court is barred from considering a procedurally defaulted "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim" unless the petitioner establishes "the cause-and-prejudice standard with respect to [the ineffective assistance claim]."); *Murray v. Carrier*, 477 U.S. 478, 489 (1996) ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Reese cannot establish cause and prejudice for his default on any potential claim of ineffective assistance of counsel. Thus, such a claim of ineffective assistance, even if raised by Reese, would not constitute cause necessary to excuse Reese's procedural default in this case.

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims."  547 U.S. at 537, 126 S.Ct. at 2077.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent

14

person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with ***new reliable evidence*** -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324 (emphasis added).

Reese has neither argued his actual innocence nor presented "new reliable evidence" of actual innocence.  Moreover, the record is devoid of any allegation by Reese to suggest evidence exists which could satisfy the stringent standard set forth in *Schlup*.  Thus, Reese fails to make the requisite showing of actual innocence and petition is therefore foreclosed from federal habeas review.

In addition, assuming *arguendo* Reese properly preserved his claim for review by this court, he is nevertheless entitled to no relief.  The Eleventh Circuit has "held 'that IAD violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting on impugning the integrity of the fact-finding process.'  *Remeta v. Singletary*, 85 F.3d 513, 519 (11th Cir. 1996)."  *Phillips v. Jarrell*, 281 Fed.Appx. 885, 886 (11th Cir. 2008); *Seymore v. Alabama*, 846 F.2d 1355, 1359 (11th Cir. 1988) (petitioner entitled to no relief under § 2254 where he "asserted no prejudice that resulted from Alabama's failure to try him within 180 days as required by

15

Article III [of the IAD].”); *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir.) (“[T]he violation of the 180-day time provision of Article III(a) alleged in this case does not constitute a fundamental defect entitling petitioner to relief under section 2254, because [petitioner] has failed to show any prejudice....” ), *cert. denied*, 474 U.S. 929, 106 S.Ct. 263 (1985); *Fasano v. Hall*, 615 F.2d 555, 558 (1st Cir.) (Alleged violations of Interstate Agreement on Detainers, including violation of speedy trial provision contained in Article III, are not cognizable in § 2254 habeas proceeding because violations do “not [constitute] ‘fundamental defects’ indicating a ‘miscarriage of justice’.”).

The court has carefully reviewed all of the motions and pleadings filed by Reese, both in the state courts and in this court, challenging the State’s failure to act in accordance with the directives of the Interstate Agreement on Detainers.  These documents are devoid of any argument alleging Reese’s trial was undermined by the State’s alleged violations. Indeed, in addressing the State’s assertion of a failure to demonstrate prejudice during oral argument on the second motion to dismiss, defense counsel implicitly conceded no prejudice had resulted from Alabama’s failure to try Reese within either the 180-day or 120-day time period as he maintained “prejudice ... doesn’t matter under the Detainer Act.” *Respondents’ Exhibit A (Part 1) - Doc. No. 11-1* at 59.  Thus, the record demonstrates the violations about which Reese complains in no way affected or impugned the integrity of the fact-finding process.

In the instant case, Reese has failed to assert he suffered any prejudice in the fact-finding process as a result of the State's alleged violations of the Interstate Agreement on Detainers.  Consequently, Reese's claims are not cognizable under § 2254.  *Phillips*, 281 Fed.Appx. at 886; *Remeta*, 85 F.3d at 519; *Seymore*, 846 F.2d at 1360.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Cedric Reese be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before March 5, 2012 the parties may file objections to the Recommendation.  Objections must specifically identify the findings in the Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

Done this 17th day of February, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE