IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC REESE, #164098, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:09cv107-WHA |
| | ) |
| GRANT CULLIVER, et al., | )                    (WO) |
| | ) |
| Respondents. | ) |

**ORDER**

This is a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Cedric Reese ["Reese"], a state inmate, on February 9, 2009. In his petition, Reese challenged convictions for attempted murder and first degree robbery imposed upon him by the Circuit Court of Pike County, Alabama on November 9, 2005. Specifically, Reese maintains that the State "illegally and unlawfully obtained [his convictions] in direct violation of ... the Interstate Agreement on Detainers Act" because his trial was conducted outside the time periods contained in the Act. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 9. The Magistrate Judge entered a Recommendation (Doc. #17) that the petition be denied as the claim was procedurally defaulted and Reese had shown neither cause nor prejudice for his default nor a fundamental miscarriage of justice. Moreover, the Magistrate Judge also noted that even had Reese preserved his claim for review, he was not due any relief from this court. The Petitioner filed objections to the Recommendation on March 16, 2012 (Doc. #20).

The court has conducted an independent evaluation and *de novo* review of the file and, having done so, finds the objections to be without merit.

The objections filed by Reese fail to undermine the validity of the findings contained in the Recommendation.  It is clear that Reese and his appointed counsel had knowledge that the trial court continued Reese's trial outside the 180-day time limit set by the IAD prior to expiration of this time period as Reese concedes that he advised counsel of that sometime in April of 2005.  In addition, although Reese makes the assertion "his IAD claim is ripe for § 2254 adjudication[,]" *Objection* at 5, relief on the IAD claims is foreclosed, as the delay in trying Reese did not affect or impugn the integrity of the fact-finding process.

Therefore, it is hereby ORDERED as follows:

1.  Petitioner's Objections are OVERRULED.

2.  The court ADOPTS the Recommendation of the Magistrate Judge, with the exception of the date April 10, 2005 appearing on lines 12 and 13 of page 3, apparently a typographical error, which the court MODIFIES to read August 10, 2005.

3.  The petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 19th day of March, 2012.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE